**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH STEWARD,** | : | **Civil Action No.** |
| **3550 Street Road, Apartment E6** | : | |
| **Bensalem, PA 19020** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **PENSKE LOGISTICS, LLC,** | : | |
| **2201 Cabot Boulevard** | : | |
| **West Langhorne, PA 19047** | : | |
| | : | |
| **Route 10 Green Hills** | : | |
| **Reading, PA 19603** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Keith Steward (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Penske Logistics, LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Penske Logistics, LLC is a supply chain

management and logistics company with a location at 2201 Cabot Boulevard, West Langhorne, PA 19047 and corporate headquarters located at Route 10 Green Hills, Reading, PA 19603.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on October 14, 2024, alleging gender discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-00711 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 17, 2026.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is male.

21. On or about February 11, 2021, Defendant hired Plaintiff.

22. The final position Plaintiff held at Defendant was a Dock Lead.

23. Plaintiff was well qualified for his position and performed well.

## A FEMALE WAREHOUSE WORKER SCREAMED AT PLAINTIFF AND ATTEMPTED TO PHYSICALLY ASSAULT HIM

24. On or about January 9, 2024, Shanell Hill (female), Warehouse Worker, began to follow Plaintiff around the back of Defendant.

25. Hill screamed at Plaintiff, claimed that Plaintiff had been "talking about her", or words to that effect.

26. This was false.

27. Hill attempted to physically attack Plaintiff, before other Warehouse Workers stepped in to protect Plaintiff from assault.

28. Hill violated Defendant's policy by doing this.

## HILL FILED A FALSE COMPLAINT OF SEXUAL HARASSMENT AGAINST PLAINTIFF TO HUMAN RESOURCES

29. Upon information and belief, immediately following this incident, Hill called Human Resources via phone.

30. Hill filed a false complaint against Plaintiff for sexual harassment.

31. Hill claimed that Plaintiff had sent her inappropriate text messages several months prior.

32. Upon information and belief, Hill also wrote a written statement, which was submitted to Human Resources.

## DEFENDANT INFORMED PLAINTIFF OF ITS INVESTIGATION INTO HILL'S COMPLAINTS

33. The next morning, on or about January 10, 2024, Andy Vale, Vice President of Corporate Security, called Plaintiff and informed him that he and Chenique Williams, Field Human Resources Manager, were leading the investigation into Hill's complaints.

34. Vale questioned Plaintiff about the validity of Hill's claims.

35. Plaintiff told the truth and denied any sexual harassment occurred.

36. Plaintiff continued to work for the rest of the week.

37. Defendant did not suspend Plaintiff during the investigation.

## PLAINTIFF'S SUPERVISOR DEFENDED PLAINTIFF AND STATED THAT HUMAN RESOURCES WAS NOT CONDUCTING THE INVESTIGATION PROPERLY

38. Further, Marcel Last Name Unknown ("LNU"), Plaintiff's supervisor, spoke with Melissa Guertin, Operations Manager, and Cal LNU, Marcel's supervisor, regarding the false claims Hill submitted against Plaintiff.

39. Marcel defended Plaintiff, stated that Hill's claims were fabricated, and that Human Resources were not properly conducting the investigation.

## DEFENDANT TERMINATED PLAINTIFF

40. Nonetheless, on or about January 12, 2024, Guertin called Plaintiff and abruptly terminated his employment.

41. Guertin did not provide a reason for Plaintiff's termination.

42. Defendant discriminated against Plaintiff due to his gender in violation of Title VII and the PHRA.

5

43. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – GENDER DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

44. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

45. Plaintiff is a member of protected classes in that he is male.

46. Plaintiff was qualified to perform the job for which he was hired.

47. Plaintiff suffered adverse job actions, including, but not limited to termination.

48. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

49. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

50. Defendant discriminated against Plaintiff on the basis of his protected class.

51. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

52. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

53. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – GENDER DISCRIMINATION**
**<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>**

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6

55. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male).

56. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Keith Steward, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual

7

reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 18, 2026        By:   */s/David M. Koller*
                                David M. Koller, Esquire
                                Jordan D. Santo, Esquire
                                2043 Locust Street, Suite 1B
                                Philadelphia, PA 19103
                                215-545-8917
                                davidk@kollerlawfirm.com
                                jordans@kollerlawfirm.com

                                *Counsel for Plaintiff*

8